MARGARET FAYNE *vs.* S. CHARLOTTE BAKER.

JANUARY 12, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J.   This is an action of trespass for assault and battery. It was brought in a district court, where the defendant filed a plea of not guilty and also a special plea of self-defense. It was taken by appeal to the superior court, where it was tried before a justice sitting without a jury, who rendered a decision for the plaintiff for $250. The case is now before this court on one exception only, that taken by the defendant to this decision, the grounds of the exception being that the decision for the plaintiff was erroneous and that the amount of damages awarded was excessive.

At the trial it was shown by uncontradicted evidence that a Mrs. Higgins had previously bought a rug from the defendant at the latter's store and had made a deposit of ten

dollars in partial payment, but had left the rug there. On the evening when the alleged assault and battery by the defendant occurred, Mrs. Higgins, having meantime decided not to take the rug, went to the defendant's store, accompanied by the plaintiff, who was her sister, and by the plaintiff's daughter, and asked that the defendant return to her the deposit or permit her to select from the defendant's stock, and purchase for the ten dollars, other merchandise of that value.

In the store Mrs. Higgins and the defendant got into an altercation over the matter, and the plaintiff and her daughter entered into it on the side of Mrs. Higgins. Some of the women lost their tempers apparently and some blows were struck. In the course of the affair the plaintiff received some bruises, one of which was on her chest and another of which resulted in a "black eye".

The testimony showed that, when the blows were struck, the lights in the store were out, the defendant having turned them off, and that there was only a dim light in the front hall. There was testimony for the plaintiff that as she and her daughter were about to leave, through the front doorway, the daughter made a derogatory remark to the defendant and the latter struck her; that the plaintiff then, in order to shield her daughter, came between her and the defendant; that the latter then struck the plaintiff repeatedly; and that nobody struck the defendant at any time.

On the other hand, the defendant testified that one of the other women assaulted her first, but that she did not know which one and that some of them hit her afterward. When asked, in cross-examination: "Did you attack the three of them in self-defense?" she answered: "Yes, sir." When asked whether she hit the plaintiff's daughter, she said that she didn't know. When asked if she struck the plaintiff, she said that she couldn't tell, but that, if she did, it was in self-defense.

In rendering his decision for the plaintiff, the trial justice, after discussing the testimony somewhat, stated that the defendant admitted that she struck somebody; that she did not say that she struck the plaintiff; but that he thought it was a very reasonable inference that she did strike the plaintiff; and that she said that she hit one or more of the women, whoever got in the way of her blows. We do not see how this statement can reasonably be construed otherwise than as a finding that the defendant struck the plaintiff; and it was fully supported by the evidence.

This finding left for determination the question whether the evidence supported the defendant's plea of self-defense. On that question the trial justice properly ruled that that plea set up an affirmative defense, as to which the burden of proof was upon the defendant. After saying that it was very difficult for him to decide which side had the preponderance of the evidence, clearly meaning the preponderance on the question of self-defense, he found that the defendant had not sustained such burden of proof by a preponderance of the evidence; and that even if it could be said that she was acting in self-defense, she had used excessive force. We cannot say, upon a consideration of the evidence in the transcript, that he was clearly wrong in either of these findings.

The main contention relied upon by the defendant's attorney in his brief and argument before us is that the trial justice, in finding that the defendant struck the plaintiff, did not base that finding on the evidence, but on a rule of law which the defendant's counsel says is erroneous, though prevailing in some courts outside of this state. This alleged rule is to the effect that if a defendant in an action for assault and battery files both a plea of not guilty and one of self-defense and at the trial relies on the latter, he cannot also rely on the former, but, for all the purposes of the case, admits the assault and battery. We are convinced, however, from our examination of the decision of the trial justice in the instant case, that he did not rely on any such rule, but

that, on the contrary, his finding that the defendant struck the plaintiff was based on the evidence alone.

We find that the defendant's exception to the decision of the trial justice should not be sustained on the ground that it was wrong on the merits of the case.

As to the other ground, that the amount of the damages awarded was excessive, the evidence does not show that the plaintiff was put to any considerable expenditure of money by reason of the injuries which she sustained. But there was testimony as to considerable temporary pain and suffering by reason of these injuries; and that at the time of the trial, about two and one-half years after the injuries were received, she was still suffering, as a result thereof, from a persistent nervous condition and inability to do housework as she had done before she received her injuries.

In view of this testimony, we are of the opinion that we cannot properly hold that the damages, as assessed by the trial justice, were clearly excessive.

The defendant's exception is overruled and the case is remitted to the superior court for entry of judgment on the decision.

*John R. Higgins,* for plaintiff.
*Henry M. Boss,* for defendant.